**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWIN SITUMEANG;
DANIEL-EDGAR HASUDUNGAN,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 05-75577

Agency Nos. A093-323-123
A078-020-322

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Edwin Situmeang and Daniel-Edgar Hasudungan, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA")

orders dismissing their appeal from an immigration judge's decision denying their

applications for withholding of removal and protection under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's finding that petitioners' experiences, including a robbery during which Hasudungan was injured, do not constitute past persecution, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1181-82 (9th Cir. 2003), and petitioners have not demonstrated any basis for past persecution under *Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1045-46 (9th Cir. 2007).

However, the BIA did not apply the disfavored group analysis to petitioners' claim that they faced a clear probability of future persecution on account of their Christian religion. In light of our recent intervening decision in *Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010), we remand for the BIA to assess petitioners' withholding of removal claims under the disfavored group analysis in the first instance. *See Wakkary*, 558 F.3d at 1067, *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of petitioners' CAT claim because petitioners failed to demonstrate a likelihood of torture upon return to Indonesia.  *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

N.R. SMITH, Circuit Judge, dissenting in part:

I dissent as to the panel's holding on the past persecution finding.